CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 3 1 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ZHENLI YE GON, | ) | CASE NO. 7:16CV00402 |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| FRANK E. DYER III, | ) | By: Hon. Glen E. Conrad |
| GERALD S. HOLT, | ) | Chief United States District Judge |
| LORETTA E. LYNCH, and | ) | |
| JOHN F. KERRY, | ) | |
| Respondents. | ) | |

The petitioner, through counsel, brings two emergency motions to stay his extradition to Mexico to face criminal charges there, pending this court's ruling on his simultaneously filed, third petition for a writ of habeas corpus under 28 U.S.C. § 2241. Counsel for the United States has filed a motion to dismiss the petition, and the petitioner has responded. After review of the record, the court concludes that the § 2241 petition must be dismissed for abuse of the writ, and the motions for stay of extradition during the pendency of that petition must, therefore, be dismissed as moot.

## I. BACKGROUND

The court assumes knowledge of the facts and prior rulings in this case. In brief, on June 13, 2007, Mexican authorities charged Petitioner Zhenli Ye Gon ("Ye Gon") with drug, money laundering, organized crime, and firearm offenses. Acting on a formal request by the government of Mexico, the United States filed an extradition complaint on September 15, 2008. On February 9, 2011, a magistrate judge in the District of Columbia ("the D.C. Court) certified that Ye Gon is extraditable to Mexico. In re Ye Gon, 768 F. Supp. 2d 69 (D.D.C. 2011). Ye Gon challenged the magistrate judge's extradition decision by filing a petition for a writ of habeas corpus under § 2241 in this court which was denied on January 17, 2014. Ye Gon v.

Holt, 992 F.Supp.2d 637 (W.D. Va. 2014).  The United States Court of Appeals for the Fourth Circuit affirmed, and the United States Supreme Court denied certiorari.  Ye Gon v. Holt, 774 F.3d 207 (4th Cir. 2014), cert. denied, __U.S.__, 135 S. Ct. 2859 (2015).

Ye Gon filed a second § 2241 habeas petition in this court on August 26, 2015, alleging that he was entitled to immediate release because the Secretary of State had failed to issue its extradition decision within the two-month period set by 18 U.S.C. § 3188.  On September 18, 2015, the Deputy Secretary of State issued a surrender warrant for Ye Gon's extradition to Mexico.  Ye Gon thereafter amended his habeas petition twice to raise additional challenges to the Deputy Secretary's decision, asserting that the court should prevent his extradition under the United Nations' Convention Against Torture ("CAT") and the Due Process and Suspension Clauses of the Constitution.  This court dismissed Ye Gon's habeas petition.  Ye Gon v. Dyer, No. 7:15CV00462, 2015 WL 6026278 (W.D. Va. Oct. 9, 2015).

Ye Gon appealed.  The Fourth Circuit affirmed the denial of Ye Gon's habeas petition. Ye Gon v. Dyer, __F. App'x__, 2016 WL 3209488 (4th Cir. June 10, 2016).[1]  Ye Gon moved for panel rehearing and rehearing en banc, and the Fourth Circuit denied that motion on August 8, 2016.  See Ye Gon v. Dyer, No. 15-7620, ECF No. 79.  According to Ye Gon, on August 11, the federal respondents informed the Fourth Circuit of their position that "[a]bsent further motion or a stay of the mandate" by the Fourth Circuit "or another court with jurisdiction, the United States may proceed to extradite Ye Gon at any time following the issuance of [the Fourth Circuit's] mandate."  No. 15-7620, ECF No. 80.  On August 23, the Fourth Circuit denied Ye Gon's motion for a stay of the mandate while he petitioned for certiorari in the United States Supreme

---

[1] The Fourth Circuit relied on Ye Gon's concession that his CAT claim was foreclosed by Mironescu v. Costner, 480 F.3d 664 (4th Cir. 2007); held that denial of Ye Gon's request for discharge under § 3188 was not an abuse of discretion; and rejected his constitutional claims, substantially based on the district court's stated reasoning. Id.

2

Court, and Ye Gon has now moved for reconsideration. No. 15-7620, ECF No. 81-86. Issuance of the Fourth Circuit's mandate is imminent, absent a further Court order. See Fed. R. App. P. 41(b) (directing that mandate will issue seven days after order denying stay of mandate).

On August 25, 2016, Ye Gon filed the instant § 2241 petition, arguing that he cannot be extradited until his administratively closed asylum case in the United States Immigration Court is resolved. In addition, the petition reasserts Ye Gon's claim for discharge under 18 U.S.C. § 3188 and raises new challenges to the magistrate judge's extraditability finding and the Secretary of State's finding that it is not more likely than not that Ye Gon will be tortured or killed if extradited. As stated, Ye Gon has also moved for an emergency stay of his extradition. At the heart of the matter, Ye Gon contends that if he is extradited before this court decides his § 2241 claim regarding his unresolved asylum case, this petition will be moot.

## II. DISCUSSION

The federal respondents argue that Ye Gon's § 2241 petition must be dismissed for abuse of the writ, because all of the claims it presents could have been raised in Ye Gon's earlier § 2241 petitions. The court agrees.

The abuse-of-the-writ doctrine prevents a habeas petitioner from "raising a claim in a subsequent petition that he could have raised" in his previous petition or petitions. McCleskey v. Zant, 499 U.S. 467, 489 (1991). The doctrine is an equitable one based on "the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." Sanders v. United States, 373 U.S. 1, 17 (1963). When the government invokes the abuse-of-the-writ doctrine, the petitioner may escape dismissal if he shows cause for his delay and "actual prejudice resulting from the errors of which he complains," or he may seek a miscarriage of

justice exception.[2] McCleskey, 499 U.S. at 493-95 (internal quotation marks and citations omitted). "[T]he cause standard requires the petitioner to show that some objective factor external to the defense impeded [the petitioner's] efforts to raise the claim in earlier proceedings." Id. at 493. "Objective factors that constitute cause include interference by officials . . . and a showing that the factual or legal basis for a claim was not reasonably available." Id. at 494.

Ye Gon's current § 2241 petition alleges five grounds for relief: (1) his extradition case should be put on hold until the Immigration Court has decided his asylum claim, initiated in 2009; (2) because the D.C. court released Ye Gon's cars and cash in early 2010 after dismissing forfeiture proceedings, Ye Gon's extradition would violate Article 19 of the extradition treaty between United States and Mexico that requires return of assets to the requesting country; (3) Mexico plans to prosecute Ye Gon based on evidence that the D.C. court found insufficient during the 2009-2010 forfeiture proceedings; (4) a trial in Mexico will violate Ye Gon's Fifth Amendment right against self-incrimination because media reports in October 2009 inaccurately reported that he had confessed; and (5) "newly discovered" evidence—a March 11, 2015, affidavit from Dr. Lectka, Ye Gon's expert witness—undermines the magistrate's February 2011 extradition decision. Ye Gon concedes that he has not raised these claims in a previous § 2241 petition.

---

[2] A petitioner who cannot establish cause for delay of his claims may qualify for the miscarriage of justice exception—by making a "colorable showing of factual innocence." McCleskey, 499 U.S. at 495 ("The miscarriage of justice exception to cause serves as 'an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty. . . .'" (quoting Stone v. Powell, 428 U.S. 465, 492-93 (1967)). To state a claim of actual innocence sufficient to excuse procedural default, a petitioner must show "it is more likely than not that no reasonable juror would have convicted him" of the underlying crime if jurors had received specific, reliable evidence not presented at trial. Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995). In this context, "actual innocence" means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339, (1992). Ye Gon does not argue that he is entitled to application of the miscarriage of justice exception. See Burket v. Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (finding that as petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner).

4

The court has carefully reviewed Ye Gon's current arguments and attachments and his response to the respondents' motion to dismiss. The court concludes that all of the legal arguments asserted in this petition, and the facts necessary to them, existed at the time Ye Gon filed one or more of his prior § 2241 petitions. Indeed, given the length of his habeas corpus proceedings and appeals, Ye Gon has had years to develop and assert these claims to this court. Had he done so, the issues he now instructs the court to decide on an emergency schedule would have been long since resolved. Ye Gon's decision to present them now, in the eleventh hour before the most recent stay of the extradition order expires, falls squarely in the class of claims targeted by the abuse of the writ doctrine.

Ye Gon attempts to show cause for failing to present his asylum claim in an earlier petition, based on allegations of official interference, lack of ripeness, and new evidence. The record reflects that shortly after Ye Gon initiated his claim for political asylum in 2009, the Immigration Court administratively closed the case. In April 2016, the Immigration Judge granted Ye Gon's motion to reopen his asylum claim and issued a scheduling order, setting Ye Gon's claim for a "MASTER hearing before the Immigration Court on April 6, 2017." (§ 2241 Pet. Ex. 1, ECF No. 1-1.) Within days, the judge administratively closed the asylum case again after the respondents notified him of the pending extradition order.

Apparently, Ye Gon argues that the scheduling order proves the viability of his asylum case; the respondents impeded his prosecution of that case; and his habeas claim regarding the asylum case was not ripe until the renewed, administrative closure in April 2016 of the asylum case. The court finds no merit to these contentions. The Secretary of State issued the extradition warrant for Ye Gon on September 18, 2015. At that point, Ye Gon's current habeas claim—that he cannot lawfully be extradited until the Immigration Judge decides his asylum case—was ripe

and ready to present to a habeas court. See, e.g., Barapind v. Reno, 225 F.3d 1100, 1114-15 (9th Cir. 2000) (finding that when petitioner "has neither been adjudicated to be extraditable nor issued a warrant of extradition by the Secretary of State in her discretion, the issue of whether a conflict between the Refugee Act and [applicable extradition treaty] exists is not ripe for review") (citing other cases).[3] Thereafter, Ye Gon filed amended § 2241 petitions on September 21 and October 6, 2015, but did not raise this claim regarding his undecided asylum case. The court finds no respect in which the issuance of the Immigration Judge's scheduling order in the administratively closed asylum case has any bearing on when Ye Gon's current habeas claim could first have been presented to the court. For these reasons, the court concludes that Ye Gon has failed to demonstrate cause for his dilatory pursuit of his current habeas claims.

## III. CONCLUSION

Based on the foregoing, the court concludes that Ye Gon has abused the writ and has not shown cause for his delay. The court will, therefore, grant the respondents' motion to dismiss for abuse of the writ. Furthermore, the court will also dismiss as moot Ye Gon's motions for stay of his extradition until his § 2241 petition is decided. An appropriate order will enter this day.

ENTER: This 31st day of August, 2016.

_Glen Conrad_
Chief United States District Judge

---

[3] As in Ye Gon's circumstances, immigration court proceedings for the petitioner in the Barapind case had been stayed, pending completion of extradition proceedings, and the petition sought habeas relief to reopen the asylum case. 225 F.3d at 1114. The United States Court of Appeals for the Ninth Circuit found that extradition proceedings and immigration proceedings are separate and independent from each other, and that the Bureau of Immigration Appeals ("BIA"), in its official discretion, had "determined that deportation and exclusion proceedings should be held in abeyance while extradition proceedings are pending." Id. at 1106, 1113. The Court then affirmed the dismissal of the petitioner's habeas petition "without prejudice to the filing of a new habeas petition should the Secretary of State decide to surrender [the petitioner] prior to the completion of the BIA's consideration of his application for asylum . . . ." Id. at 1115.